IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSEANN VENTO, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 23-cv-1538 |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, ROSEANN VENTO ("Plaintiff" or "Ms. Vento"), by and through the undersigned counsel, files this Complaint against Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA ("Defendant" or "Sun Life"), and states as follows:

## JURISDICTION

1. This is a civil action between citizens of different states. Ms. Vento is a citizen of the State of Illinois. Defendant is domiciled in Toronto, Ontario, Canada with a U.S. headquarter in Wellesley Hills, Massachusetts.

2. The matter in controversy involves an amount in excess of $75,000.00, exclusive of interest or costs. Therefore, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

3. In addition, Plaintiff seeks a declaratory judgment, over which this Court has the power to declare the rights and remedies of the respective parties. 28 U.S.C. § 2201.

## VENUE

4. Ms. Vento at all times relevant to the claim at issue has resided and continues to reside within the Northern District of Illinois.

1

5. Venue is therefore proper in this district pursuant to 28 U.S.C. 1391(b)(2).

## THE PARTIES

6. Plaintiff, Ms. Vento, received long term disability insurance coverage by way of her employment with Valley View School District 365U in Romeoville, Illinois.

7. Valley View School District 365U's group long term disability policy (No. 242948) ("Policy") was issued, administered, and insured by Defendant, Sun Life. (Exhibit A – Policy).

## NATURE OF ACTION

8. Although Ms. Vento obtained her long term disability coverage through her employment. She worked for a public school and her coverage is not governed by ERISA.

9. This is a claim for breach of contract based on Defendant's wrongful denial of Ms. Vento's claim under the Policy, the insurance contract at issue.

10. Ms. Vento also seeks declaratory relief in relation to payment of future benefits due to her under the Policy.

11. Ms. Vento also alleges that Sun Life is guilty of unreasonable and vexatious delay in its refusal to pay disability benefits due to her and that she is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

## STATEMENT OF FACTS

12. Ms. Vento was a Dean of Students at Valley View School District 365U.

13. Due to significant comorbid medical conditions preventing her ability to work, Ms. Vento applied for long term disability benefits under her employer's group disability policy with Sun Life.

14. Ms. Vento's medical conditions include: chronic urinary tract infections, sepsis, flank pain, back pain, intractable migraine headaches, ocular stroke, chest pain, optic

neuropathy/glaucoma, chronic obstructive pulmonary disease, Diabetes Mellitus Type 2, and essential hypertension.

15. Sun Life approved the claim on February 9, 2018, with a disability onset date of February 3, 2017.

16. Sun Life's claim approval letter of February 9, 2018 made no mention or reference to the Policy's 24-month mental health limitation. (Exhibit A, Page 20).

17. Based on Deb Hameon's May 15, 2019 claim note, Sun Life decided to limit benefits based on the Policy's mental health benefits limitation.

18. Sun Life did not communicate this May 2019 adverse benefits determination to Ms. Vento until over 15 months later. Sun Life continued paying benefits, allowing Ms. Vento to believe that Sun Life agreed that she continued to be "physically" disabled under the terms of the policy.

19. On April 12, 2021, Sun Life issued a claim denial letter, indicating that Ms. Vento was no longer physically disabled and that the application of the 24-month mental health limitation warranted termination of benefits.

20. On April 18, 2021, Ms. Vento submitted an appeal and additional evidence for Sun Life's consideration.

21. Ms. Vento's treating medical providers documented her several comorbid physical conditions preventing her ability to work, and issued clear opinions supported by these records that she was unable to work. Ms. Vento submitted those documents to Sun Life for consideration.

22. Sun Life implemented a claim process designed to review Ms. Vento's comorbid medical conditions individually and in isolation from each other – all in an effort to support its stated conclusions that each comorbid condition, when viewed solely on its own, is not disabling.

3

23.     For instance, Sun Life sought the opinions of a pain & physical medicine physician (Dr. Katherine Herzog), an ophthalmologist (Dr. Asher Neren), and neurologist (Dr. Frisso Potts) who each issued multiple medical review reports in this matter.

24.     Each of these retained doctors determined that within their defined and limited clinical area of review, that Ms. Vento, while clearly suffering from various medical conditions, fell below their perceived limitation "threshold" warranting a finding of disability as to a defined clinical area. However, Sun Life and its reviewer never asked the obvious question of whether these isolated "below threshold" conditions as addressed by the numerous treating and reviewing clinicians were, in the whole, disabling.

25.     In its appeal denial letter of May 17, 2022, Sun Life and its reviewing physicians conclude that Ms. Vento can perform sedentary work and can work at her desk on a computer for 4 hours a day in an 8-hour day.

26.     While Ms. Vento continues to dispute this finding, even if this conclusion were supported by the record, it is internally inconsistent with a finding that she is not disabled.

27.     All administrative appeals seeking the award of disability benefits have now been exhausted.

28.     Ms. Vento has been and continues to be disabled as defined by the provisions and terms of the Policy.

29.     Such benefits should continue under the terms of the Plan as long as Ms. Vento continues to meet the conditions for receipt of disability benefits.

## COUNT I - BREACH OF CONTRACT

30. Ms. Vento re-alleges and reaffirms each and every allegation contained in Paragraphs 1-29 of her Complaint, and by that reference incorporates those allegations herein, and further alleges:

31. Sun Life's denial of and refusal to make disability benefit payments to Ms. Vento despite her ongoing disability caused by her physical medical conditions under the Policy, constitutes a breach of the subject insurance contract.

32. Sun Life has breached the contract by failing to provide Total Disability insurance benefits to Ms. Vento since April 25, 2021.

33. Sun Life has breached the subject contracts by failing to reasonably review the proof of loss submitted by Ms. Vento, by ignoring evidence establishing her ongoing Total Disability.

34. As a direct and proximate result of such breaches of contracts by Sun Life, Ms. Vento has sustained damages including, but not limited to, the loss of such past due Total Disability benefits.

35. WHEREFORE, Ms. Vento prays for the following relief:

   a. That the Court enter judgment in Ms. Vento's favor and against Defendant and that the Court order Defendant to pay Total Disability benefits owed to Ms. Vento in an amount equal to the contractual amount of benefits to which she is entitled.

   b. That the Court order Defendant to pay Ms. Vento prejudgment interest at a rate of 9% per annum on all benefits that have accrued prior to the date of judgment in accordance with 215 ILCS 5/357.9 or 5/357.9a.

   c. That Ms. Vento recover any and all other relief to which she is entitled.

## COUNT II - DECLARATORY JUDGMENT

36. Ms. Vento re-alleges and reaffirms each and every allegation contained in Paragraphs 1 through 35 of this Complaint, and by that reference incorporates those allegations herein.

37. This is an action for declaratory judgment and for any other necessary or proper relief pursuant to 28 U.S.C. §§ 2201-02.

38. WHEREFORE, Ms. Vento prays that the Court declare that Defendant must continue paying Ms. Vento benefits as long as she continues to meet the Policy's terms and conditions.

## COUNT III - VIOLATION OF 215 ILCS 5/155

39. Ms. Vento re-alleges and reaffirms each and every allegation contained in Paragraphs 1 through 38 of this Complaint, and by that reference incorporates those allegations herein.

40. There is and was in effect in the State of Illinois at all timed relevant hereto, a statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees against an insurance company that acts vexatiously and unreasonably.

41. Contrary to its duty, Defendant failed to provide proper notice to Ms. Vento of its 2019 adverse determination to limit benefits in this claim based on the Policy's mental health coverage limitations.

42. Defendant's refusal to grant Ms. Vento her benefit payments in the face of the medical and vocational evidence establishing his disability, constitutes an unreasonable and vexatious delay or refusal of payment on a claim since Defendant has refused to make disability

6

payments despite the submission of valid and well-supported proofs of claim; and there is no legitimate dispute as to Ms. Vento's entitlement to benefits.

43. WHEREFORE, Ms. Vento prays for the following relief:

a. That the Court enter judgment in Ms. Vento's favor for Courts I and II of her Complaint.

b. That Defendant be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155, and that Defendant be ordered to pay Ms. Vento's attorney's fees and courts costs.

c. That Ms. Vento recover any and all other relief to which she is entitled.

Dated: March 13, 2023

Respectfully Submitted,

/s Jennifer M. Danish
Jennifer M. Danish
Attorney for Plaintiff
Roseann Vento
jdanish@bryantlg.com

BRYANT LEGAL GROUP P.C.
55 East Monroe Street, Suite 1460
Chicago, IL 60603
Tel. (312) 235-4886
Fax. (312) 254-3140